OPINION
This is an accelerated calendar appeal submitted to this court on the briefs of the parties. Appellant, Michael G. Visnich, appeals from the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division entering a domestic violence civil protection order ("CPO") pursuant to R.C. 3113.31 against him. For the following reasons, we affirm the judgment of the trial court.
The following facts are relevant to this appeal. On April 14, 1998, appellee, Sherrie M. Visnich filed a petition for a CPO against appellant, who was her husband. Along with herself, appellee also sought protection for her two daughters. In the petition, appellee alleged, among other things, that appellant had committed past acts of domestic violence involving weapons, that appellant would repeatedly call appellee's home and hang up, and that appellant was harassing and stalking her and the children. In accordance with R.C. 3113.31(D), the magistrate granted a temporary ex parte protection order on the same day and set the matter for a full hearing on April 23, 1998.
A total of three hearings were held before the magistrate, at which time both parties presented evidence going to the merits of the CPO. On July 21, 1998, the magistrate issued his decision, which contained findings of fact and conclusions of law upholding the temporary protection order. The magistrate's decision was approved by the trial court, and a judgment entry was entered to that effect.
Appellant subsequently filed with the trial court a motion to dismiss the CPO and a motion to set aside the judgment. Both motions were denied. Appellant then perfected a timely appeal. On December 7, 1998, this court sua sponte dismissed appellant's appeal for failure to prosecute. Upon appellant's motion, this case was reinstated on December 16, 1998, and appellant now asserts the following assignment of error for our review:
 "The lower court entered a protection order against appellant based upon a Magistrate's findings of fact. The Magistrate's findings of fact are insufficient on their face to justify entry of a protection order against appellant. The trial court clearly erred in subjecting appellant to this protection order."
In his sole assignment of error, appellant argues that the CPO should not have been granted because appellee failed to prove that appellant engaged in "domestic violence" as that term is defined in R.C. 3113.31(A)(1). According to appellant, the decision of the magistrate recites no finding that appellee suffered any direct physical harm at his hands. Appellant further contends that the only other basis upon which appellee could have shown domestic violence under R.C. 3113.31(A)(1) was that appellant had put her in fear of "serious physical harm." Under appellant's interpretation of the facts, this determination could only be made based upon an earlier incident where appellant allegedly placed a gun to appellee's head. However, it is appellant's position that R.C. 3113.31 precludes a court from looking at past incidents when considering whether to grant a CPO. As a result, appellant believes that this finding, standing alone, was insufficient to support the entry of the CPO in the instant matter. For the following reasons, we disagree.
Although neither party raises the issue, we note that the record contains videotape recordings of the hearings conducted by magistrate. The record further shows that these tapes have not been transcribed as required under App.R. 9(A) which provides in pertinent part:
 "When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
As we have held on numerous occasions, "[t]his court will not, nor should appellant expect it to, search through the videotapes in order to find passages that support the assignments of error raised." In the Matter of Doyle (Dec. 18, 1992), Geauga App. No. 91-G-1643, unreported, at 2, 1992 WL 387317. See, also, State v.Boughner (July 19, 1991), Geauga App. No. 90-G-1584, unreported, at 1, 1991 WL 132201; Dantzig v. Sloe (Sept. 30, 1996), Geauga App. No. 94-G-1880, unreported, at 2, 1996 WL 635796; State v.Simpfendorfer (Oct. 22, 1999), Geauga App. Nos. 98-G-2180 and 98-G-2181, unreported, at 4, 1999 Ohio App. LEXIS 4969.
Upon the record before us, we are unable to discern what evidence was presented in support of the CPO. As a result, the determination of appellant's assignment of error would require a review of the videotape transcript because the arguments raised in that error refer to what occurred during those hearings. However, it was incumbent upon appellant to transcribe and append to his brief the necessary portions of the videotapes to demonstrate his assignment of error. Without a proper and complete transcript, appellant cannot demonstrate the alleged error. Thus, this court must presume the regularity of the proceedings below. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197. See, also, Doyle,supra.
We now turn to the magistrate's decision to determine whether or not it contains sufficient findings of facts to sustain appellee's request for a CPO. "When granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence. * * *" Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus. See, also, Dybo v. Dybo (Nov. 5, 1999), Geauga App. No. 98-G-2155, unreported, at 6, 1999 Ohio App. LEXIS 5230. The decision whether or not to grant a protection order lies within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. Dybo at 6-7. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Id. at 7, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
In his decision, the magistrate lists numerous facts supporting the issuance of the CPO. Of these facts, the most serious incident involved appellant allegedly placing a loaded gun to appellee's head and shooting the gun into the ceiling. Furthermore, there was at least one other time in which appellant pointed a gun at appellee, although the gun was not fired during that incident.
In an attempt to discount his abhorrent conduct, appellant argues that a court cannot "reach into the distant past to find bases for current protection orders." However, appellant provides no authority in support of this proposition. Nor can he point to a specific provision in R.C. 3113.31 saying the same.
After reviewing the statute at issue and the applicable case law interpreting it, we conclude that nothing in R.C. 3113.31, either explicitly or implicitly, precludes a court from considering a person's past violent acts when deciding whether or not to grant a CPO. In fact, when defining the term "domestic violence," the General Assembly states in pertinent part:
 "(1) `Domestic violence' means the occurrence of one or more of the following acts against a family or household member:
 "(a) Attempting to cause or recklessly causing bodily injury;
 "(b) Placing another person by the threat of force in fear of imminent serious physical harm * * *[.]" R.C. 3113.31(A). (Emphasis added.)
The language used in defining "domestic violence" clearly contemplates prior acts being used as evidence to support a CPO. Otherwise, it would be unnecessary to specify that multiple acts may be considered when an application for a CPO has been filed.
Furthermore, Evid.R. 404(B) permits the introduction of evidence concerning other crimes, wrongs, or acts if offered for the limited purpose of demonstrating "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Hence, in the case at bar, testimony regarding appellant's past use of firearms in the context of domestic violence was clearly admissible to prove that appellee was justified in her fear of "imminent serious physical harm."
Taking the entire record properly before this court into consideration, we cannot say that the trial court abused its discretion in granting the CPO. The magistrate's decision contains numerous examples demonstrating appellant's abusive conduct toward appellee and her children, including at least two episodes involving firearms. As we noted earlier, without a transcript appellant cannot demonstrate the alleged error, and as a result, we must presume the regularity of the proceedings below. Accordingly, appellant's sole assignment of error is without merit.
Based on the foregoing reasons, the judgment of the trial court is affirmed.
FORD, P.J., O'NEILL, J., concur.